## MAYER *v.* HAAREN.

*(Superior Court of New York City, General Term. May 6, 1889.)*

1. PLEADING—PLEADING AND PROOF—PAYMENT.

> In an action by a broker on a special contract for the sale of houses, where the answer puts in issue every material allegation of the complaint, it is competent to show that if defendant did make a payment, as plaintiff alleged, it was not on account of the contract sued on, as alleged by plaintiff, but for a different purpose.

2. FACTORS AND BROKERS—COMMISSIONS—INDIVISIBLE CONTRACT.

> Where plaintiff was entitled to one-third of the excess above a certain amount realized on the sale of four houses, he is not entitled to a proportionate amount on the sale of only one house.

3. APPEAL—HARMLESS ERROR.

> To hold defendant privileged from answering, on cross-examination, whether it was by his instruction that his counsel put a certain question to plaintiff, if error at all, is harmless.

Appeal from jury term.

Action by Ludwig J. Mayer against John W. Haaren. Judgment was entered on a verdict for defendant, and an order entered denying a motion for a new trial on the minutes, and on the ground of newly-discovered evidence. Plaintiff appeals.

Argued before FREEDMAN and O'GORMAN, JJ.

*Lewis Sanders,* for appellant. *David Leventritt,* for respondent.

FREEDMAN, J. The action was brought by the plaintiff, a real-estate broker, upon a special contract for the sale of four houses and lots formerly belong-

ing to the defendant, under which plaintiff was to receive one-third of all the defendant should realize from such sale over and above $44,000.   The answer put in issue every material allegation of the complaint.   At the trial both parties introduced evidence, and the issues were submitted to the jury, who found for the defendant.   The exceptions taken by the plaintiff to the allowance of certain questions addressed to the plaintiff on cross-examination are clearly untenable.   They were not asked to establish payment, which was not pleaded, but to show that, even if the defendant did make a payment, as the plaintiff claimed, it was not made on account of the contract set forth in the complaint, but for another and entirely different purpose, and that, as made, it tended to confirm the theory of the defense.   This was competent under the pleadings.

The cross-examination of the plaintiff upon the point whether, as a broker, he knew that it would have been wrong to take a certain sum of $1,000, was proper, whether he is to be treated as a broker or as an agent.   He predicated his claim to an extraordinarily large compensation upon the assertion that he could have secretly reserved and appropriated to himself $1,000, and that at first he intended to retain said sum, but that he apprised the defendant thereof, because he thought he would fare pecuniarily better by doing so, and that he thus induced the defendant to make the special agreement upon which the action was brought.   Under these circumstances the plaintiff's conduct and intentions with respect to said sum, and his appreciation of the obligations vesting him, whether he considered himself as defendant's agent or broker, were legitimate subjects of inquiry, as affecting his credibility.

The ruling of the court holding the defendant privileged from answering, on cross-examination, the question whether a certain question put by his counsel to the plaintiff had been put by his instruction, was, under the circumstances, so harmless and immaterial that it is not worth while to determine with precision whether the privilege extended to both counsel and client, or only to the counsel.

The exception to the refusal of the court to charge that on the one house sold the plaintiff was entitled to one-third of the amount realized in excess of $11,000 is not well taken.   The contract respecting the sale of the four houses was an indivisible one, and moreover the defendant had testified that it was part of the agreement that, if the plaintiff did not sell them all, he should get only the usual commission on what he did sell.   Upon the whole case it cannot be held that the verdict, as rendered, is against the weight of the evidence, and no reason appears why it should be disturbed.   The alleged newly-discovered evidence is not sufficient to justify the conclusion that the testimony given upon the trial by the defendant and the witness Glass was untrue, or that the motive testified to by the defendant did not exist.   It therefore cannot be held that it is of a character that would probably produce a different verdict, if a new trial were had.   Moreover, the plaintiff, with due diligence, could have procured it before the close of the trial.   The judgment and the two orders appealed from should be affirmed, with costs.

O'GORMAN, J., concurs.